UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD M. SCHLEIGER,　　　　　　　　　　Case No. 11-13378

　　　　　Plaintiff,　　　　　　　　　　　　　David M. Lawson
v.　　　　　　　　　　　　　　　　　　　　United States District Judge

GRATIOT COUNTY JAIL,　　　　　　　　Michael Hluchaniuk
　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge
　　　　　Defendant.
_____/

**REPORT AND RECOMMENDATION:**
**RULE 41(b) DISMISSAL AND MOTION TO DISMISS (Dkt. 32)**

**I.　　PROCEDURAL HISTORY**

Plaintiff filed a civil rights complaint against the Gratiot County Jail on August 3, 2011. (Dkt. 1). This matter was referred for general case management. (Dkt. 5). Defendant filed a motion for dismissal and/or summary judgment on June 15, 2012. (Dkt. 32). On June 18, 2012, this Court issued a Notice of Determination of the Motion Without Oral Argument requiring plaintiff to file a response to the motion by July 9, 2012. (Dkt. 34). In that Notice, the Court warned the plaintiff that the "**[f]ailure to file a response may result in sanctions, including granting all or part of the relief requested by the moving party**." (Dkt. 34) (emphasis in original). Over two months passed since this deadline and plaintiff had not filed a response, nor made any attempt to seek an extension.

Based on the foregoing, the Court ordered plaintiff to show cause, in writing, by September 28, 2012 why he had failed to file a response. Alternatively, the Court allowed plaintiff to file a response to the motion for dismissal and/or summary judgment by that same date. (Dkt. 51). The show cause order specifically provided that "**[f]ailure to timely or adequately respond in writing to this Order to Show Cause or timely file a response to the motion for dismissal and/or summary judgment in this matter will result in a recommendation that defendant's motion be granted**." (Dkt. 51) (emphasis in original).

On September 28, 2012, plaintiff filed a response to the show cause order entitled "Objection to Order to Show Cause Request to the Court to Correct Faulty Information Put Forth in the 'Order to Show Cause." (Dkt. 52). According to plaintiff, it is defendant who must show cause. He points out that his discovery requests have been ignored and the court failed to warn defendant about sanctions. Plaintiff seems to suggest that there is some bias in favor of defendant. According to plaintiff, the show cause order is defective on its face because it was written by defendant's lawyers and because:

> It is in the application of such rules defendants have
> ignored the facts of the claim and have been hiding facts
> to allow activity that is in favor of the defendants and has
> a deleterious effect on Plaintiffs ability to obtain truth
> and justice. With this assertion of Federal Rule of Civil
> Procedure 72(b)(2) and Local Rule 72.1(d) it applies to
> defendants from the very beginning and the fact of

> defendants continual going around the issue of providing the requested information this activity is well documented and has caused Plaintiff to use Notarial Presentment to accomplish acquiring the information and defendants have been defaulted for failure to respond and or provide the full extent of the requested information.

(Dkt. 52, Pg ID 278). In the view of the undersigned, as discussed in more detail below, plaintiff has failed to adequately respond to the Show Cause Order or to the motion to dismiss.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's complaint be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and that defendant's motion to dismiss be **DENIED** as moot.

## II.   ANALYSIS AND CONCLUSION

Under Federal Rules of Civil Procedure 41(b), a federal court may *sua sponte* dismiss a claim for failure to prosecute or comply with an order. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962); *Steward v. City of Jackson*, 8 Fed.Appx. 294, 296 (6th Cir. 2001). Indeed, the "authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629. "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link*, 370 U.S. at 629-630. "[D]istrict courts possess broad discretion to sanction

parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). Further, "a district court can dismiss an action for noncompliance with a local rule ... if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

Federal Rule of Civil Procedure 41 governs dismissals. As to involuntary dismissals, it provides:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule - except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19 - operates as an adjudication on the merits.

Fed.R.Civ.P. 41(b). "Neither the permissive language of [Rule 41(b)] – which merely authorizes a motion by the defendant – nor its policy requires us to conclude that it was the purpose of the Rule to abrogate the power of courts, acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). "The authority of a federal trial court

to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link*, 370 U.S. at 629; *see also Carter v. City of Memphis, Tenn.*, 636 F.2d 159, 161 (6th Cir. 1980) ("It is clear that the district court does have the power under [Fed.R.Civ.P. 41(b)] to enter a *sua sponte* order of dismissal.") (citing *Link*). Moreover, "district courts possess broad discretion to sanction parties for failing to comply with procedural requirements." *Tetro v. Elliott Popham Pontiac, Oldsmobile, Buick, and GMC Trucks, Inc.*, 173 F.3d 988, 991 (6th Cir. 1999), citing *Carver v. Bunch*, 946 F.2d 451, 453 (6th Cir. 1991). And, "a district court can dismiss an action for noncompliance with a local rule only if the behavior of the noncomplying party rises to the level of a failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure." *Tetro*, 173 F.3d at 992.

The Sixth Circuit considers four factors in reviewing the decision of a district court to dismiss a case for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Wu v. T.W. Wang, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005), citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999). In this case, the

Court warned plaintiff multiple times in writing that dismissal in defendant's favor would be granted if he failed to file a response to the motions and to the order to show cause. (Dkt. 34, 51). Thus, this factor weighs in favor of dismissal. With respect to the first factor, just as in *White v. Bouchard*, 2008 WL 2216281, *5 (E.D. Mich. 2008), "it is not clear whether plaintiff's failure to prosecute is due to willfulness, bad faith or fault." *Id*. Plaintiff has been given multiple opportunities over the course of several months to file a substantive response to the motion to dismiss and has failed to satisfactorily explain why he did not or could not do so. It is unreasonable, not to mention expensive and time-consuming, to expect defendant to continue to defend an action under these circumstances. Thus, the first and second factors weigh in favor of dismissal. Finally, given plaintiff's failure to file substantive responses as ordered and his failure to satisfactorily respond to the order to show cause, the undersigned sees no utility in considering or imposing lesser sanctions. While plaintiff responded to the order to show cause, his response did not provide either a response to the motion to dismiss or an explanation of why his failure to respond to the motion to dismiss should be excused. While his response included allegations of discovery deficiencies on the part of defendant, those alleged deficiencies have not properly been brought to the attention of the Court and, therefore, cannot be considered as part of this analysis. Thus, none of the factors weigh against dismissal for failure to prosecute.

## III. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's complaint be dismissed pursuant to Federal Rule of Civil Procedure 41(b) and that defendant's motion to dismiss be **DENIED** as moot.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d).

The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: November 28, 2012                              s/Michael Hluchaniuk
                                                     Michael Hluchaniuk
                                                     United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on November 28, 2012, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Todd M. Schleiger and Jason D. Kolkema.

                                                     s/Tammy Hallwood
                                                     Case Manager
                                                     (810) 341-7887
                                                     tammy_hallwood@mied.uscourts.gov