UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD M. SCHLEIGER,

                Plaintiff,

v.

GRATIOT COUNTY JAIL, ROBERT
L. BERACY, LYNN PHILLIPS,
BRETT BAUBLIPZ, KEITH KUSHION,
CHRISTINA BAAKER, CAROL VERNON,
JUDGE RANDY TAHVONEN, JUDGE
MICHELLE M. RICK, JUDGE STEWART
D. MCDONALD, JACKIE MCDONALD,
JAMES DURHAM, JASON D. KOLKEMA,
KIMBERLY A. SCHLEIGER, and BILL
SCHUETTE,

                Defendants.

Case Number 11-13378
Honorable David M. Lawson
Magistrate Judge Michael J. Hluchaniuk

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, DENYING DEFENDANT'S MOTION TO DISMISS AS MOOT, AND DISMISSING COMPLAINT

This case is before the Court on the plaintiff's objections to a report filed by Magistrate Judge Michael J. Hluchaniuk recommending that defendant Gratiot County's motion to dismiss be denied as moot, and that the case be dismissed because of the plaintiff's failure to prosecute. Plaintiff Todd M. Schleiger filed this lawsuit on August 3, 2011 against the Gratiot County Jail and others alleging violations of his constitutional rights under 42 U.S.C. § 1983.  Schleiger alleges in substance that the jail (1) violated his First Amendment rights by not allowing him to attend church and denying him paper and envelopes needed to contact the courts; and (2) violated his Eighth Amendment rights by denying him needed medical care for a broken tooth, not allowing him to have needed medications, depriving him of sleep by keeping him in a cell that was lighted 24 hours per

day, and causing him "high stress and anxiety." On August 9, 2011, the Court referred the case to

Magistrate Judge Michael J. Hluchaniuk for general pretrial management under 28 U.S.C. § 636(b).

The defendant jail filed a motion to dismiss. The plaintiff never responded to the motion or to the

substance of the magistrate judge's show cause orders. Judge Hluchaniuk filed a report on

November 28, 2012 recommending that the plaintiff's case be dismissed for failure to prosecute.

He did not address the merits of the motion to dismiss, instead recommending it be dismissed as

moot. The plaintiff filed timely objections.

## I.

On June 15, 2012, defendant Gratiot County Jail filed a motion to dismiss or for summary

judgment. The County argued that (1) the jail is not a separate legal entity amenable to suit; (2) the

complaint fails to state a claim against the County under 42 U.S.C. § 1983, because it does not allege

that any of the acts that allegedly harmed the plaintiff were done pursuant to any policy, custom, or

practice of the County or the jail, as required under the holding of *Monell v. Department of Social

Services*, 436 U.S. 658 (1978); and (3) the complaint does not state facts sufficient to support a claim

for deliberate indifference, because it does not allege any specific acts by identified corrections

officers or other jail personnel, and does not contain any facts to show that any jail or medical

personnel subjectively perceived and disregarded any objectively serious medical need.

On June 18, 2012, the magistrate judge entered a notice of determination of motion without

oral argument, permitting Schleiger until July 9, 2012 to file a response. In the notice, the magistrate

judge warned that "[f]ailure to file a response may result in sanctions, including granting all or part

of the relief requested by the moving party." [dkt. #34]. On September 14, 2012, more than two

months after the deadline for filing a response had passed, the magistrate judge ordered Schleiger

to show cause why he had not filed a response, again warning that failure to do so could result in sanctions including granting the motion to dismiss.  The magistrate judge allowed Schleiger either to show good cause for his failure to file a response, or in the alternative to file a response by the show cause deadline.

On September 28, 2012, Schleiger filed his response to the order to show cause, in which he appears to argue that (1) the County has ignored his discovery requests; (2) the magistrate judge has failed to compel the County to comply with discovery requests; (3) the magistrate judge is biased in favor of the County; and (4) the order to show cause is invalid because it was written by counsel for the County.  Scheiger contended that the County must show cause for the "many erroneous or one sided, or biased arguments intended to discredit [plaintiff's] presentation of his claim." Pl.'s Resp. to Show Cause Order [dkt. #52] at 1.

The magistrate judge recommended that the Court dismiss the complaint with prejudice, invoking the Court's inherent authority to dismiss a case if the plaintiff fails to prosecute or refuses to comply with an order of the Court.  Following that recommendation would moot the defendant's motion to dismiss and other motions in the case.  Thereafter, the plaintiff filed his objections, which do not relate to any specific findings in the magistrate judge's report.

II.

Objections to a report and recommendation are reviewed *de novo*.  "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).  The parties' failure to file objections to the report and recommendation waives any

-3-

further right to appeal. *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the magistrate judge's report releases the Court from its duty to review independently the motion. *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

In his first objection, the plaintiff argues that the magistrate erred in finding that he did not respond to the County's interrogatories and requests for production of documents. The plaintiff argues that he never received any discovery from the County, and asks "[H]ow can plaintiff respond to non-existent papers?" However, the report does not concern the plaintiff's failure to respond to any discovery requests, but rather his failure to file a response to the defendant's motion to dismiss. The plaintiff does not offer any factual or legal basis that would establish good cause for his failure to file a response to the motion to dismiss within the time allowed.

In his second "objection," the plaintiff does not actually make any specific objections, but simply imports by reference "the base(s) of reasoning" from his September 28, 2012 response to the magistrate judge's order to show cause. However, none of the points advanced in that filing provide

-4-

a sound reason for the Court not to adopt the present report and dismiss the case.  In his response

to the order to show cause, the plaintiff argues that the County has not responded to his discovery

requests and the magistrate judge refused to compel its responses to his discovery.  However, as the

magistrate judge found in his order, the document that the plaintiff sent to the County, "cannot

reasonably be interpreted to be a request for production of documents or other discovery allowed

by the Federal Rules of Civil Procedure."  Nothing about that document suggests that the magistrate

judge's finding was in error.  These objections therefore are groundless: the plaintiff has not shown

that he served any proper discovery request on the defendant.  The plaintiff also argues that the

magistrate judge is biased and alleges that defense counsel drafted the magistrate judge's order for

the plaintiff to show cause.  However, the plaintiff does not point to any facts in the record to

establish either bias or inappropriate involvement of defense counsel in the business of the Court,

other than his apparent annoyance at having several motions denied.  The plaintiff concludes with

several inscrutable "objections" alleging that his "property has been removed from his land," but

those do not appear to relate in any way to the claims brought in the complaint.

   In his final objection, the plaintiff "objects to anything the Magistrate Judge has to say . . .

due to the fact that the Magistrate mishandled Objections filed earlier on the record and . . . had no

consent from any party to this matter before the court," and asserts that "the Magistrate Judge's

involvement is frivolous in this entire matter."  That "objection" does not present any specific

objection to the magistrate judge's report or recommendation, but only states in conclusory form that

the plaintiff objects to "anything the Magistrate Judge has to say," for the reason that the parties

"never consented" to the conduct of proceedings by the magistrate judge.  However, there is no

requirement that parties consent to the conduct of pretrial proceedings by a magistrate judge; only

that they consent to trial before the magistrate. The federal statute setting out the authority of magistrate judges authorizes a district court judge to "designate a magistrate judge to hear and determine any pretrial matter pending before the court, except" certain dispositive motions. 28 U.S.C. § 636(b)(1)(A). On matters that the magistrate judge cannot "determine" absent the parties' consent, such as case-terminating orders, the magistrate judge submits reports and recommendations for the district judge to consider. 28 U.S.C. § 636(b)(1)(B) & (C). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Ibid.* That is the procedure that the Court has followed here.

On August 9, 2011, the Court referred the case to the magistrate judge for general management of pretrial matters. That order of reference has not been vacated, and the record does not reflect that the magistrate judge has entered any orders on matters exceeding his statutory authority. The consent of parties is required only where they desire the magistrate judge to conduct *all* proceedings, including trial, as permitted under 28 U.S.C. § 636(c), and the parties are free to withhold that consent "without adverse substantive consequences." 28 U.S.C. § 636(c)(2).

The Court has conducted "meaningful review" of the magistrate judge's actions and recommendations here. *See United States v. B & D Vending, Inc.*, 398 F.3d 728, 732-33 (6th Cir. 2004). That review leads ineluctably to the conclusion that the magistrate judge was correct and the plaintiff's objections have no merit.

III.

The plaintiff willfully disregarded several warnings by the magistrate judge and refused to respond to the substance of the defendant's motion to dismiss. It is appropriate to dismiss this case

-6-

for failure to prosecute under Federal Rule of Civil Procedure 41(b).  *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-32 (1962).  Dismissal renders the defendant's motion moot.  The plaintiff also objected to another order entered by the magistrate judge denying various procedural motions.  The disposition of this report and recommendation renders those objections moot as well.

Accordingly, it is **ORDERED** that the magistrate judge's report and recommendation [dkt #59] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections to the report and recommendation [dkt #61] are **OVERRULED**.

It is further **ORDERED** that the defendant's motion to dismiss [dkt #32] is **DENIED as moot**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:  February 12, 2013

<div style="border: 1px solid black;">

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 12, 2013.

s/Deborah R. Tofil
DEBORAH R. TOFIL

</div>