UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TODD M. SCHLEIGER,

        Plaintiff,

v.

        Case Number 11-13378
        Honorable David M. Lawson

GRATIOT COUNTY JAIL, ROBERT
L. BERACY, LYNN PHILLIPS,
BRETT BAUBLIPZ, KEITH KUSHION,
CHRISTINA BAAKER, CAROL VERNON,
JUDGE RANDY TAHVONEN, JUDGE
MICHELLE M. RICK, JUDGE STEWART
D. MCDONALD, JACKIE MCDONALD,
JAMES DURHAM, JASON D. KOLKEMA,
KIMBERLY A. SCHLEIGER, and BILL
SCHUETTE,

        Defendants.
_____/

## ORDER DENYING MOTION TO AMEND JUDGMENT

This matter is before the Court on plaintiff Todd Schleiger's filing entitled "objection to dismiss complaint." This filing, like the plaintiff's prior submissions in the matter, is somewhat difficult to interpret, but the Court will construe it, as apparently does the court of appeals, as a motion made under Federal Rule of Civil Procedure 59(e) to alter or amend the judgment of the Court dismissing the case, which was entered on February 12, 2013. Construed as such, the motion must be denied because the plaintiff has failed to make any showing that he is entitled to the relief he requests.

Rule 59(e) authorizes the Court "to alter or amend a judgment" upon a proper showing. Fed. R. of Civ. P. 59(e). The decision whether to grant relief under Rule 59(e) is left to the district court's sound discretion. *In re Ford Motor Co. Securities Litigation, Class Action*, 381 F.3d 563,

573 (6th Cir. 2004). The motion generally will be granted only if the district court made a clear error of law, if there is an intervening change in the controlling law, or if granting the motion will prevent manifest injustice. *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999). A Rule 59(e) motion is not used properly as a vehicle to re-hash old arguments or to advance positions that could have been argued earlier, but were not. *Sault Ste. Marie Tribe of Indian Tribes v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998).

The present motion, to the extent that it presents any comprehensible statements of fact or law, merely revisits the same points already discussed and rejected by the Court in its order adopting the magistrate judge's report and recommendation [dkt. #62]. The plaintiff has not demonstrated that the Court made any clear error of law in its prior order, and he has not pointed to any intervening change in the law that would warrant reconsideration of the Court's judgment. The Court finds that the plaintiff has failed to demonstrate that any manifest injustice will occur if the judgment is allowed to stand, and the Court therefore will deny the plaintiff's motion.

Accordingly, it is **ORDERED** that the plaintiff's motion to alter or amend the judgment [dkt. #64] is **DENIED**.

                                                      s/David M. Lawson
                                                      DAVID M. LAWSON
                                                      United States District Judge

Dated: April 5, 2013

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on April 5, 2013.

                                        s/Deborah R. Tofil
                                        DEBORAH R. TOFIL